UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD LOVE, *et al.*,

               Plaintiffs,                      Case No. 12-10374
                                                       HON. GERSHWIN A. DRAIN

vs.

MICHIGAN DEPARTMENT OF
CORRECTIONS,

               Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#31] AND CANCELLING APRIL 30, 2013 HEARING

**I.    INTRODUCTION**

      This is an employment discrimination and retaliation case pursuant to Title VII, the Michigan Elliott Larsen Civil Rights Act, and the Family Medical Leave Act ("FMLA"). There is also a § 1983 claim for failure to properly train and/or supervise employees. The only remaining claims are a racial discrimination and a retaliation claim under Title VII. Plaintiffs, Edward Love and Janice Love, a married couple, were employed as Corrections Officers at the Michigan Department of Corrections for over twenty years. Mrs. Love alleged Defendant discriminated and retaliated against her by: (1) assigning her to less desirable and/or dangerous work assignments, (2) removing her from a Bid position assignment, (3) disciplining her more harshly than others, (4) speaking to her more brashly, and (5) threatening her with decertification for failure to attend a shotgun qualification class. Mr.

Love alleged Defendant discriminated and retaliated against him by: (1) assigning him to less desirable assignments, (2) disciplining him more harshly than others, (3) speaking to him in a derogatory tone, and (4) threatening him with decertification for failure to attend a shotgun qualification class.

Presently before the court is Defendant's Motion for Summary Judgment. Defendant argues dismissal of Plaintiffs' two remaining claims is required since Plaintiffs have failed to show they suffered an adverse employment action. They also claim that Plaintiffs' retaliation claim is procedurally barred. Upon review of the Complaint, Motion for Summary Judgment, Response and Reply the Court concludes that oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve the pending Motion on the briefs and cancels the hearing scheduled for April 30, 2013. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow Defendant's Motion is GRANTED.

## II.   FACTUAL BACKGROUND

On January 27, 2012, Plaintiffs filed a Complaint alleging they were the victims of discrimination and retaliation under Title VII, the Michigan Elliott Larsen Civil Rights Act, the FMLA, and a § 1983 claim for failure to properly train and/or supervise employees. On April 26, 2012, Defendant filed a Motion to Dismiss arguing that dismissal was appropriate for two reasons. First, Defendant argued that in order to file an action under Title VII, Plaintiffs must secure a dismissal and right-to-sue-letter from the Equal Employment and Opportunity Commission ("EEOC") or their claim was jurisdictionally barred from federal court. Second, Defendant claimed that the Eleventh Amendment barred certain claims filed in federal court against a state, its agencies, and its officers that are sued in their official capacities. Thus, Defendant maintained that Plaintiffs' claims of violations pursuant to

FMLA, § 1983, and the Michigan Elliot-Larsen Civil Rights Act should be dismissed.

On May 15, 2012, the parties filed a Stipulation and Order of Partial Dismissal eliminating the following counts from Plaintiffs' Complaint: Count I (Elliott-Larsen Civil Rights Act – race discrimination) was dismissed without prejudice; Count IV (Elliott-Larsen Civil Rights Act – retaliation) was dismissed without prejudice; Count V (Family Medical Leave Act - retaliation) was dismissed with prejudice and Count VI (Failure to Train/Supervise Employees) was dismissed with prejudice. The May 15, 2012, order left the remaining Title VII claims of Count II - racial discrimination and Count III - retaliation.

On May 29, 2012, the Court issued a Notice of Determination of Motion Without Oral Argument, and parties were advised that the Response was due on June 8, 2012, and the Reply was due on June 22, 2012. On October 3, 2012, this case was transferred from Chief Judge Gerald E. Rosen to this Court. It was recently brought to the attention of the Court that the April 26, 2012 Motion to Dismiss was not entirely addressed in the May 15, 2012 Stipulation and Order of Partial Dismissal. The parties received notice on the remaining briefing schedule for this motion on May 29, 2012, yet, a response brief was never filed.

Defendant filed a Motion for Summary Judgment on January 16, 2013. Plaintiffs' responded on February 5, 2013. A reply was entered on February 19, 2013. Defendant also filed a Motion in Limine on April 22, 2013. Resolution of this matter is unnecessary as this order dismisses the matter.

## III.  LAW & ANALYSIS

### A.  Standard of Review

Federal Rule of Civil Procedure 56(c) empowers the court to render summary

judgment forthwith "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *See Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).  The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice.  The procedure is not a disfavored procedural shortcut.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'"  *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.,* 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).  The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding*, 241 F.3d at 532 (6th Cir. 2001).  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also National Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue

-4-

for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); *see also McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. *McLean*, 224 F.3d at 800 (citing *Anderson*, 477 U.S. at 252).

###### B.     Motion to Dismiss

On April 26, 2012, Defendant filed a Motion to Dismiss alleging Plaintiffs did not meet the jurisdictional requirement to confer standing to file their Title VII claim of Retaliation because Plaintiffs had not presented the Court with a "right-to-sue-letter" from the EEOC. *See* Def.'s Mot. to Dismiss 8 (citing *Puckett v. Tennessee Eastman Co.*, 889 F. 2d 1484, 1486 (6th Cir. 1989)). However, in *Puckett*, the Sixth Circuit did not decide if a right-to-sue-letter was a jurisdictional requirement, the court  stated the following, while giving examples of the possible outcomes if a condition precedent or a jurisdictional requirement were applied: "We leave for another day the question of whether, in this circuit, the prerequisite to a Title VII action of receipt of a right-to-sue-notice is a jurisdictional prerequisite or a condition precedent. . . ." *Puckett*, 889 F.2d at 1488.

In fact, the Sixth Circuit has held that the "[r]eceipt of a right-to-sue-letter from the EEOC is a condition precedent to filing a Title VII action," and is not a jurisdictional requirement in federal court. *See Rivers v. Barbeton Bd. of Educ.*, 143 F.3d 1029, 1031-32 (6th Cir. 1998). Therefore, this Court is not deprived of jurisdiction of the case at bar.

Instead, because a failure to obtain a right-to-sue letter is not a jurisdictional requirement, a plaintiff can cure the defect after filing the complaint by obtaining the right-

-5-

to-sue-letter before defendant moves for dismissal. *Monticciolo v. Fox*, 2012 U.S. Dist. LEXIS 14323, Case No. 11-15253, at *4-5 (E.D. Mich. Feb. 7, 2012) (citing *Portis v. State of Ohio*, 141 F. 3d 632, 634 (6th Cir. 1998)). Here, Defendants have moved for dismissal on this issue on April 26, 2012.

Defendant, in its Motion to Dismiss, argues that pursuant to 29 C.F.R. § 1601.28(b), 29 C.F.R. § 1601.24, and the EEOC's processes, Plaintiffs' Dismissal and Notice of Rights letters, Exhibits 1 and 2, only grant leave for Plaintiffs to sue on the Title VII race and gender claims. *See* Def.'s Mot. to Dismiss 9. Defendant states the EEOC process as follows:

> [A]fter finding for cause, the EEOC attempts to reach a resolution on the complaint (i.e. engage in conciliation); and, if no resolution is reached, refers the case to their legal staff or to the Department of Justice. If EEOC legal staff and/or DOJ decide not to file a lawsuit, then they issue a Notice of Rights to Sue letter.

*Id*. (citing 29 C.F.R. § 1601.28(b), 29 C.F.R. § 1601.24; *see also* http://www.eeoc.gov/employees/process.cfm ("possible action after investigation is complete").

As of the date of this order, Plaintiffs have not submitted the condition precedent, right-to-sue-letter associated with their Title VII claim of Retaliation. Therefore, Plaintiffs' Retaliation claim is dismissed. *See Dixon v. Ohio Dept. of Rehab. And Correction*, 1999 U.S. App. LEXIS 8384, Case No. 97-4475 at *3 (6th Cir. Apr. 28, 1999) (noting that obtaining a right to sue letter is a condition precedent, and failure to obtain a right-to-sue-letter mandates dismissal under Title VII).

### C.    Title VII – Retaliation

Additionally, Plaintiffs' retaliation claim is dismissed on the merits for failing to show

an adverse employment action.  In order to establish a retaliatory claim, Plaintiffs must show: (1) they engaged in an activity protected by Title VII; (2) the exercise of their civil rights was known to the employer; (3) the employer thereafter took an employment action that was adverse to the Plaintiffs; and (4) there was a causal connection between the protected activity and the adverse employment action.  *Cantita v. Yellow Freight System*, 903 F.2d 1064, 1066 (6th Cir. 1990).  If the Plaintiffs establish a prima facie case, the burden shifts to the employer to "articulate some legitimate, nondiscriminatory reason" for its actions.  *Id*.  Thereafter, Plaintiffs must demonstrate that the proffered reasons are pretext for the employment decision.  *Id*.

Analysis of the adverse employment action element for a retaliation claim is performed under a more liberal standard since, "[t]he scope of the antiretaliation provision extends beyond workplace-related or employment-related retaliatory acts and harm." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006).  For an employment action to be "materially adverse" it must have "'dissuaded a reasonable worker from making or supporting a charge of discrimination.'"  *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 54 (2006) (quoting *Rochon v. Gonzales*, 438 F.3d 1211, 1219).  The word "material" means actions that will actually deter victims from reporting discriminatory conduct to the EEOC as opposed to petty annoyances, while "reasonable" means the analysis is performed under an objective standard.  *Id*.  To be adverse an employment action must be a "significant change in employment status."  *Id*.

Plaintiffs have failed to establish that they suffered a materially adverse employment action.  Their claims of adverse employment action arises from the "less desirable" work assignments they received.  Reassignment to a less desirable or less prestigious position

-7-

may constitute an adverse employment action, but there must be "considerable evidence" that the position is objectively considered worse by others. *Id*. at 70-71. Mr. Love claims that he was regularly assigned to supervise the prison yard and the visitor area on the weekends. Pls.' Resp. Ex. B, at 25. He claims these positions are less desirable because of the stress and supervision required. Pls.' Resp. 4. He was also assigned to the infirmary, which he considered less desirable because of the smell. *Id*. These positions did not result in a difference in pay,[1] hours, or overtime opportunity. Mr. Love's assertion, on its own, that these positions required more supervision and resulted in more stress is insufficient for this Court to conclude that a "reasonable" employee would have found these less desirable positions. These differences simply do not amount to a "significant change" in Mr. Love's employment situation.

Mrs. Love raised similar concerns regarding her assignments. She claims that she was deprived of her Bid assignment to the Information Desk position. Instead of the Information Desk position, she was assigned to "less desirous positions, such as Programs, First Gate, and Healthcare. Claimant testified that these assignments were more hazardous." Pls.' Resp. Ex. 1, at 68-69. In her mind, these positions were less desirable because they were, "[m]ore hazardous, more dangerous." *Id*. at 69. These positions did not result in a loss of pay, hours, or overtime opportunities. Mrs. Love fails to offer any additional evidence that her views were reasonably held by others. Plaintiffs could have

---

[1]Plaintiffs correctly point out that a change in pay is not required. *See Spees v James Marine, Inc*., 617 F.3d 380 (6th Cir. 2010). However, "[a] tangible employment action in most cases inflicts direct economic harm." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 762 (1998). Thus, changes in pay, hours and overtime is a relevant inquiry.

provided the affidavits of fellow guards that they also held this opinion, or cited reports of guards in similar positions being harmed to show that the positions were more dangerous. Instead, Mrs. Love offers only her opinion that these assignments were more hazardous and dangerous. The ultimate question is whether these employment actions are sufficiently adverse to dissuade a reasonable employee from reporting discrimination. This Court cannot come to this conclusion based on Mrs. Love's feelings alone.

Finally, Mr. Love claims he suffered a direct economic harm because he was not assigned to the Control Center, which he saw as an important promotional opportunity, and because he was passed up for overtime. When asked how the Control Center leads to promotional opportunity, Mr. Love stated that the Control Center guards were privy to the operations of the facility. Pls.' Resp. Ex. 2, at 60. It is unclear to this Court how knowledge of the facility operations would lead to greater promotional opportunities. Plaintiffs do not offer any other evidence that assignment to the Control Center would have resulted in promotional opportunities. Given the nebulous connection between this assignment and future promotions, Mr. Love has not shown he was deprived of a promotional opportunity.

Nor has Mr. Love demonstrated that Defendant retaliated against him by passing him over for overtime. He claims that on April 30, 2010 his employer incorrectly marked him as being contacted for overtime when no one actually attempted to contact him. *Id.* at 94-96. Another time he asked Lieutenant Allen why he was not being contacted for overtime and was told that it was because he was "on FMLA" when Mr. Love did not believe that he was actually on leave. *Id.* at 94. Without more, these isolated instances do not establish an adverse employment action. There are several possible legitimate explanations for why Mr. Love was not contacted about overtime. For example, the first

-9-

instance can be explained by a simple clerical error. There is nothing on the record to suggest that there was a pattern of falsely placing Mr. Love as contacted about overtime without actually doing so. As to the second reason, it is possible that Lieutenant Allen actually believed that Mr. Love was out on leave. Mr. Love himself is not sure of the date that he spoke with Lieutenant Allen, so it is quite possible that it was a benign misunderstanding as opposed to retaliation. In sum, Mr. Love has not offered sufficient evidence to suggest that he was not contacted about overtime out of retaliatory intent.

### D.     Title VII – Race Discrimination

Title VII makes it unlawful for an employer to "discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ." 42 U.S.C. § 2000e-2(a)(1). Where there is only circumstantial evidence of race discrimination, a plaintiff must use the *McDonnell Douglas* burden shifting analysis to establish a prima facie case of discrimination by showing: (1) that they belong to a protected class; (2) they were subjected to an adverse employment action; (3) they were qualified for the job; and (4) they were treated differently from similarly situated employees from a non-protected class or replaced by a person not a member of her protected class. *McDonnell Douglas v. Green, 411 U.S. 792 (1973)*.

If plaintiff proves a prima facie case, the burden of persuasion shifts to the employer to articulate some legitimate, nondiscriminatory reason for the employment decision. *McDonnell Douglas*, 411 U.S. at 802. Once the employer carries this burden, the burden then shifts back to the plaintiff to prove by a preponderance of the evidence that the legitimate reasons offered by the employer were not its true reasons, but were a pretext for

discrimination. *Id.*; *Ang v. Proctor & Gamble Co.*, 932 F. 2d 540, 548 (6th Cir. 1991). The plaintiff may meet this burden by showing: 1) that the stated reasons had no basis in fact; 2) that the stated reasons were not the actual reasons; or 3) that the stated reasons were insufficient to explain the employer's action. *Wheeler v. McKinley Enters.*, 937 F. 2d 1158, 1162 (6th Cir. 1991). The Plaintiffs have not only failed to establish a prima face case of discrimination, but they have also failed to show that the reassignments were a pretext for discrimination.

The Plaintiffs not only argue that there was circumstantial evidence of racial discrimination, but there was also direct evidence of racial discrimination: Mrs. Love testified that she had heard that supervisors used the expression "black bitches" and Mr. Love testified that from a distance he observed someone imitating an ape's movements. Even applying the test using direct evidence of racial discrimination, the claim still fails because of the absence of a material adverse employment action.

As already discussed, Plaintiffs have failed to satisfy the adverse employment action element of their retaliation claim. The analysis of the adverse employment action element for the discrimination claim is also lacking. *Burlington N. & Santa Fe Ry. Co.*, 548 U.S. at 67. The Plaintiffs have failed to establish an adverse employment action under the retaliation claim as well as the racial discrimination claim so both Counts must be dismissed.

**IV.    CONCLUSION**

For the reasons discussed above, Defendant's Motion for Summary Judgment [#31]

is GRANTED and the remaining two counts of discrimination and retaliation under Title VII

are DISMISSED with prejudice.

SO ORDERED.

Dated: April 25, 2013

/s/Gershwin A Drain
Gershwin A. Drain
UNITED STATES DISTRICT JUDGE


CERTIFICATE OF SERVICE

A copy of this Order was served upon attorneys of record by
ordinary mail or electronic mail on April 25, 2013.

s/Tanya Bankston
Deputy Clerk